Dewey P. KELLEY, Appellant,

v.

EASTERN AIR LINES, INC., Appellee.

No. 24631.

United States Court of Appeals
Fifth Circuit.

Oct. 9, 1967.

Thomas L. Carter, Jr., and Gilbert & Carter, Atlanta, Ga., for appellant.

W. Glen Harlan, William G. Bell, Jr., Atlanta, Ga., Gambrell, Russell, Moye & Killorin, Atlanta, Ga., of counsel, for appellee.

Before TUTTLE, BELL and SIMPSON, Circuit Judges.

PER CURIAM:

This is an appeal from a summary judgment granted in favor of Eastern Air Lines, Inc., dismissing a suit for damages by the appellant for what is claimed to have been an unlawful discharge.

The admitted facts are that Kelley gave what appeared to be on its face a valid resignation letter to be effective at a future date. The Air Lines acted upon this resignation and considered Kelley's employment terminated. Thereafter, Kelley contended that the resignation letter was subject to contingencies orally understood between the parties; that the contingencies had not been satisfied and that, therefore, the resignation letter was not effective. Kelley filed his grievance, which was denied at the first two levels, then took his appeals to the System Board of Adjustment, set up under the terms of the Transportation Act. Upon a hearing before that Board, at which testimony was given by Kelley on his behalf and by the Air Lines' representative at the conversations on behalf of the Air Lines, the Board made the following judgment:

"This Board finds that we have no jurisdiction over a *properly* given and *properly* accepted letter of resignation.

"The case is therefore dismissed." (Emphasis supplied).

Upon this state of the record, it is apparent that the Board must necessarily have made a determination as to the validity of the letter of resignation. It necessarily found that the resignation was "properly" given and "properly" accepted in order to enter the order which it promulgated. We, therefore, conclude that there was no alternative for the trial court but to have dismissed the suit for damages, albeit the ground of dismissal is one that was not relied upon by the trial court. See S.E.C. v. Chenery Corporation, 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

The judgment is affirmed.